**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X

COURTNEY TURNER,

                         Plaintiff,

      -against-

VICTOR RODRIGUES, in his individual capacity; and JOHN DOE 1 through 4, each in his individual capacity (the name John Doe being fictitious, as the true names are presently unknown),

                         Defendants.

-------------------------------------------------------------- X

Case No. 21-cv-5182 (WFK) (RLM)

**FIRST AMENDED COMPLAINT**

<u>Jury Trial Demanded</u>

       Plaintiff COURTNEY TURNER, by and through his attorneys, Jason Leventhal, Esq. and Joshua S. Moskovitz, Esq., respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.    Plaintiff brings this action pursuant to 42 U.S.C. §1983 for violations of his federal constitutional rights by the defendants.

## JURISDICTION AND VENUE

       2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

       3.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to Plaintiff's claims took place.

## JURY DEMAND

4. Plaintiff demands a trial by jury in this action on each and every one of his claims for which a jury trial is legally available.

## PARTIES

5. Plaintiff COURTNEY TURNER is a twenty-three-year-old man residing in Staten Island, New York.

6. At all times relevant herein, the individually named defendants, VICTOR RODRIGUES, and JOHN DOE 1 through 4, were duly sworn police officers and detectives of the New York City Police Department ("NYPD"), a duly constituted law enforcement agency established by the New York City Charter.

7. At all times relevant herein, the defendant officers acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the City of New York and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

8. At all relevant times, the defendant officers violated clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution of which reasonable law enforcement officers in their respective circumstances would have known.

## FACTS

9. On September 21, 2018, at approximately 5:30 a.m., in the NYPD's 121st Precinct stationhouse, 970 Richmond Avenue, Staten Island, New York, NYPD police officers handcuffed and imprisoned plaintiff COURTNEY TURNER based on false statements from defendants VICTOR RODRIGUES and/or JOHN DOES 1 through 4, that

defendants had probable cause to arrest plaintiff.

10.     Later that morning, defendants JOHN DOE 1 and 2 questioned plaintiff about a shooting that occurred on September 19, 2018. Plaintiff truthfully explained to the officers that he did not know who fired the shots and did not see where the shots had come from.

11.     Defendants assumed that plaintiff knew the shooter, but plaintiff did not.

12.     Defendants conspired to coerce plaintiff to disclose the identity of the shooter by threatening to falsely arrest and charge plaintiff with a burglary that occurred on September 1, 2018.

13.     Defendants conspired to falsely arrest and maliciously prosecute plaintiff for the burglary if plaintiff did not provide the identity of the shooter.

14.     Defendants knew that they did not have probable cause to arrest plaintiff for the burglary because they had seen a video (or knew of its contents), showing the perpetrator entering the premises, that definitively exonerated plaintiff.

15.     At the 121st Precinct, defendants JOHN DOE 1 and 2 told plaintiff that plaintiff's DNA and fingerprints were found at the scene of the burglary and again questioned plaintiff about the shooting. Plaintiff repeated that he did not see the shooter.

16.     Defendants JOHN DOE 1 and 2 knew that plaintiff's fingerprints and DNA were not found at the scene of the burglary.

17.     Defendants JOHN DOE 3 and 4 also questioned plaintiff about the shooting and told plaintiff, in sum and substance, that they could "make the burglary charge go away" if plaintiff identified the shooter. Again, plaintiff explained that he did not see the

3

shooter.

18. Defendants JOHN DOE 3 and 4 knew that plaintiff's fingerprints and DNA were not found at the scene of the burglary

19. Thereafter, defendant RODRIGUES told plaintiff that plaintiff's fingerprints and DNA were found on a window of a burglary and that a video recorded plaintiff committing the burglary. Defendant Rodrigues told plaintiff, in sum and substance, that plaintiff would not be charged with the burglary if he identified the shooter. Plaintiff again explained that he did not see the shooter.

20. Defendant RODRIGUES knew that plaintiff's fingerprints and DNA were not found at the scene of the burglary, and that the video of the perpetrator committing the burglary exonerated plaintiff.

21. Defendants conspired to forward false allegations to the Richmond County District Attorney ("the DA") which resulted in the filing of false charges against plaintiff.

22. In furtherance of said conspiracy, defendant RODRIGUES falsely informed the Assistant District Attorneys at the DA's office, and swore to false allegations in a Criminal Court Complaint, that on September 1, 2018, plaintiff entered and remained inside a dwelling and was reaching for and attempting to remove property from inside the dwelling.

23. Defendant RODRIGUES knew these allegations were false.

24. As a result of defendant RODRIGUES's false allegations, the DA filed a felony burglary charge against plaintiff in Richmond County Criminal Court under docket number CR-006345018RI.

25. As a result of defendant RODRIGUES's false allegations, plaintiff was arraigned and Judge Catherine M. DiDomenico set bail.

26. Plaintiff could not post bail and was incarcerated until September 27, 2018, when the DA agreed to plaintiff's release and announced in court that plaintiff's fingerprints did not match the perpetrator's fingerprints recovered from the burglary.

27. The DA's Office also informed plaintiff by letter that a witness who observed the perpetrator did not identify plaintiff in a photo array as the perpetrator of the burglary.

28. Nonetheless, plaintiff was compelled to return to Richmond County Criminal Court on two subsequent occasions in order to defend himself against the baseless criminal charges.

29. On March 22, 2019, all charges filed against plaintiff were dismissed and sealed.

30. Defendants knew that plaintiff was arrested in the absence of probable cause and prosecuted based on false, fabricated evidence, and defendants directly participated in said arrest, prosecution and fabrication of evidence.

31. Defendants JOHN DOE 1 through 4 failed to intervene to stop the wrongful and unconstitutional arrest, prosecution and fabrication of evidence despite having a reasonable opportunity to intervene and prevent the unconstitutional conduct.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to him by the Fourth and Fourteenth Amendments to the

5

Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with the NYPD and as agents and employees of the CITY OF NEW YORK.

35. As a result of the foregoing, plaintiff COURTNEY TURNER is entitled to compensatory damages against all of the defendants in an amount to be fixed by a jury, and punitive damages against the defendant officers in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST THE DEFENDANT OFFICERS**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

37. Defendants VICTOR RODRIGUES and JOHN DOE 1 through 4 caused plaintiff COURTNEY TURNER to be falsely arrested and unlawfully imprisoned.

38. Defendants VICTOR RODRIGUES and JOHN DOE 1 through 4 caused plaintiff COURTNEY TURNER to be arrested without probable cause.

39. As a result of the foregoing, plaintiff COURTNEY TURNER is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE DEFENDANT OFFICERS
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

41. Defendants VICTOR RODRIGUES and JOHN DOE 1 through 4 created false evidence against plaintiff COURTNEY TURNER.

42. Defendants VICTOR RODRIGUES and JOHN DOE 1 through 4 caused this false evidence to be forwarded to the prosecutor to be utilized against plaintiff COURTNEY TURNER in legal proceedings.

43. As a result of defendants' creation and utilization of false evidence, plaintiff COURTNEY TURNER was deprived of his liberty and wrongly charged with a crime that he had no part in committing.

44. As a result of defendants' creation and utilization of false evidence, plaintiff COURTNEY TURNER suffered a violation of his constitutional right to a fair trial, as guaranteed by the United States Constitution.

45. As a result of the foregoing, plaintiff COURTNEY TURNER is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THE DEFENDANT OFFICERS
(Malicious Prosecution under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

47. Defendants VICTOR RODRIGUES and JOHN DOE 1 through 4 initiated, commenced and continued a malicious prosecution against plaintiff COURTNEY TURNER.

48. Defendants caused plaintiff COURTNEY TURNER to be prosecuted without any probable cause until the charges were dismissed on March 22, 2019.

49. As a result of the foregoing, plaintiff COURTNEY TURNER is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANT OFFICERS
(Malicious Abuse of Process under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

51. Defendants VICTOR RODRIGUES and JOHN DOE 1 through 4 caused criminal process to be issued against plaintiff COURTNEY TURNER by causing his arrest and prosecution in a criminal court.

52. Defendants VICTOR RODRIGUES and JOHN DOE 1 through 4 caused plaintiff COURTNEY TURNER to be arrested and prosecuted to justify defendants' abuse of authority, and to safeguard defendants' employment by avoiding punishment by the NYPD or other investigative bodies for defendants' abuse of authority.

53. Defendants VICTOR RODRIGUES and JOHN DOE 1 through 4 caused plaintiff COURTNEY TURNER to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process: to justify defendants'

abuse of authority, and to safeguard defendants' employment by avoiding discipline and punishment for defendants' abuse of authority.

54. As a result of the foregoing, plaintiff COURTNEY TURNER is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION
AGAINST THE DEFENDANT OFFICERS**
(Failure to Intervene under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

56. Defendants JOHN DOE 1 through 4 had an affirmative duty to intervene on behalf of plaintiff COURTNEY TURNER, whose constitutional rights were being violated in their presence.

57. The defendants failed to intervene to prevent the unlawful conduct described herein despite having a reasonable opportunity to intervene.

58. As a result of the foregoing, plaintiff COURTNEY TURNER was falsely arrested, maliciously prosecuted, and deprived of his right to a fair trial.

59. As a result of the foregoing, plaintiff COURTNEY TURNER is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff COURTNEY TURNER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees, interest, and costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: February 16, 2022
New York, New York

By: _____/s/_____
Jason Leventhal
Leventhal Law Group, P.C.
125 Maiden Lane, Suite 5C
New York, New York 10038
(718) 556-9600

Dated: February 16, 2022
Jersey City, New Jersey

By: _____/s/_____
Joshua S. Moskovitz
The Law Office of Joshua Moskovitz, P.C.
392 Central Avenue # 7830
Jersey City, New Jersey 07307
(212) 380-7040

*Attorneys for Plaintiff*